IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HERMAN JACKSON JR.**                                                        **PETITIONER**

**V.**                                          **NO. 4:19-CV-158-DMB-RP**

**WARDEN BARRY RULE**                                                  **RESPONDENT**

**OPINION AND ORDER**

Herman Jackson Jr. filed a petition for a writ of habeas corpus challenging his state court conviction for possession of marijuana with intent to distribute. Because Jackson's challenges to his conviction are based on alleged Fourth Amendment violations he had an opportunity to litigate in state court, controlling United States Supreme Court precedent prohibits federal habeas relief. So Jackson's petition must be denied.

**I**
**Relevant Facts and Procedural History**

On May 14, 2015, a jury convicted Herman Jackson, Jr. of possession of marijuana in an amount more than thirty grams but less than one kilogram with an intent to sell, transfer, barter, distribute or dispense, as a second and subsequent offender, and as a habitual offender. Doc. #10-1 at PageID 267. The Mississippi Court of Appeals summarized the facts leading to his conviction:

> In June 2013, a confidential informant (CI) told narcotics agents with the Clarksdale Police Department that Jackson possessed a large amount of marijuana and that he was selling it out of his home at 343-B Bolivar Street. Officers considered the CI reliable because the informant had provided information in numerous prior cases and was instrumental in helping to obtain prior convictions. Officers presented the CI's information to a judge and obtained a warrant to search Jackson's house. Officers then conducted "loose surveillance" on the house for approximately twenty-four hours, during which time Jackson did not enter or leave the house. Shortly thereafter, Jackson was seen driving within three blocks of his home. Knowing there was an active warrant for Jackson's arrest due to unpaid municipal fines, officers stopped him and

transported him to 343-B Bolivar Street. Officers informed Jackson they were going to search his home. When asked for a key, Jackson stated he did not have one. Officers therefore kicked the door in and conducted a thorough search of the home while Jackson remained in the patrol car.

Even though the home was modest, numerous surveillance cameras were mounted outside to record the house's exterior area. Inside, there was a digital video recorder (DVR) connected to the video-surveillance system, showing the exterior of the house on four split screens on a monitor in real-time. On a living-room sofa, two clear plastic baggies containing a green leafy substance were found, as well as a significant amount of the same substance and some packaging materials in the bedroom on a dresser. Officers also seized from the bedroom a box of sandwich baggies, a set of digital scales, and the DVR system found in the closet. Additionally, they recovered several utility bills that were addressed to Jackson at this address, and Jackson's social-security card, which was lying on a living-room table. A ceramic container on top of the refrigerator in the kitchen was filled with sandwich baggies and a green leafy substance. Female clothing and cosmetics were also observed in the home, indicating a female apparently lived at the residence; however, a male's pair of pants was also observed and photographed.

After the search, Jackson was transported to the Clarksdale Police Department and booked. Jackson requested to use the telephone and made three calls, all of which were recorded without his knowledge and later admitted into evidence at trial. During the calls, Jackson made several statements indicating the house that the officers searched and the drugs were his. While officers did not witness the telephone calls, one officer identified Jackson's voice from the recordings.

…

At trial, narcotics officers testified to the amount of marijuana seized. Eric Frazure, a forensic chemist at the Mississippi Crime Lab accepted as an expert in drug analysis, testified that based on his testing, the green leafy substance seized was marijuana. The jury was instructed on both the charged offense and the lesser-included crime of simple possession of marijuana in an amount of more than 250 grams but less than 500 grams. The jury found Jackson guilty as charged, and he was sentenced to ten years in the custody of the MDOC.

*Jackson v. State*, 263 So. 3d 1003, 1007–09 (Miss. Ct. App. 2018).

Jackson, through counsel, appealed his conviction, arguing the trial court erred by denying (1) his motion to suppress the telephone calls he made; (2) his motion to suppress the evidence obtained through "an unlawful issuance of a search warrant;" (3) his motion to suppress the evidence "due to unlawfully tampering with evidence, specifically, that members of the

Clarksdale County Police Department's Narcotics Division unlawfully submitted more marijuana then was supposedly seized from the home;" and (4) his motion for recusal. Doc. #10-10 at PageID 1016. He also argued the evidence was insufficient to support the verdict because the State failed to prove every element beyond a reasonable doubt and the cumulative error deprived him of his right to a fair trial. *Id.* Jackson filed a supplemental appellate brief arguing there was not probable cause to support the search warrant because "the affidavit for the search warrant did not include … the time or date that the confidential informant reportedly observed marijuana at [his] residence, or … the time or date that the confidential informant relayed his allegation to the affiant." *Id.* at PageID 1041. Jackson further filed a pro se appellant brief raising additional issues: (1) he received ineffective assistance of counsel at the trial and sentencing stages; (2) the State knowingly used false evidence and perjured testimony at the suppression hearing and trial; (3) prosecutorial misconduct; (4) the trial court erred in denying his motion for disclosure of the confidential informant; and (5) the trial court "erred in failing to recognize that [it] had discretion as to whether to sentence [him] under 41-29-139(h)(1)." Doc. #10-12 at PageID 1052–53.

The Mississippi Court of Appeals affirmed Jackson's conviction on June 17, 2018. *Jackson*, 263 So. 3d at 1003. It subsequently denied motions for rehearing filed both pro se by Jackson and by his counsel. Doc. #10-18 at PageID 1920. The Mississippi Supreme Court denied Jackson's petition for a writ of certiorari on February 14, 2019. *Id.*

On or about October 18, 2019, Jackson filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. In his petition, Jackson raises two grounds for relief: (1) "[t]he Trial Court erred in denying [his] motion to suppress the evidence obtained through an unlawful issuance of a search warrant;" and

(2) "was there probable cause to issue the June 18, 2013 search warrant notwithstanding that the affidavit for the search warrant" "did not include (a) the time or date that the confidential informant reportedly observed marijuana at [his] residence or (b) the time or date that the confidential informant relayed his allegation to the affiant." *Id.* at PageID 5, 6, 19.

After being ordered to respond[1] and receiving an extension of time to do so,[2] the State filed an answer on February 11, 2020. Doc. #9. Jackson filed a response. Doc. #12.

## II
## Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> Congress prohibited federal courts from granting habeas relief unless a state court's adjudication of a claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or the relevant state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold. AEDPA also requires federal habeas courts to presume the correctness of state court's factual findings unless applicants rebut this presumption with clear and convincing evidence.

*Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (cleaned up).

## III
## Analysis

The State "submit[s] that Jackson's Fourth Amendment claims are barred from review in this federal *habeas* action by the United States Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976)." Doc. #9 at 9. Jackson responds that "the procedural bar of *Stone* should not apply here because the Mississippi Courts applied the law incorrectly in evaluating his claims." Doc. #12 at 2. He argues there was not probable cause for the warrant because the affidavit

---

[1] Doc. #4.

[2] Doc. #8.

4

supporting the warrant did not include sufficient detail, and during the hearing on his motion to suppress, the trial court incorrectly considered evidence that was not available to the magistrate judge who issued the warrant. *See id.* at 4–12.

Because both Jackson's grounds for relief challenge the validity of the warrant and the admissibility of evidence obtained pursuant to the warrant, they implicate the Fourth Amendment. *See* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). In *Stone*, the United States Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494 (footnote omitted). The Fifth Circuit "has since interpreted an 'opportunity for full and fair litigation' to mean just that: an opportunity. If a state provides the processes whereby a defendant can obtain a full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (cleaned up). "A full and fair hearing requires consideration of the issue by the fact-finding court and at least the availability of meaningful appellate review by a higher state court." *Hernandez v. Day*, 26 F.3d 1118 (5th Cir. 1994) (per curium).

Jackson has had an opportunity for full and fair litigation on the issues he now presents. The record establishes that Jackson filed multiple motions to suppress in the trial court and that court held a hearing to address the issues before denying suppression. Doc. #10-1 at PageID

5

231–35, 237–38, 246; Doc. #10-7 (suppression hearing transcript). On appeal, the Mississippi Court of Appeals considered whether the search warrant was based on "unreliable facts and circumstances in violation of the Fourth Amendment" and concluded that based on "the totality of the circumstances, there was sufficient evidence of the CI's veracity, and the trial judge had a substantial basis for concluding that probable cause existed" to believe that marijuana would be found at the residence. *Jackson*, 263 So. 3d at 1012–14.

Because Jackson has not only had an opportunity to present his Fourth Amendment claims to the state trial and appellate courts but has actually presented them, *Stone* bars federal habeas relief. Despite Jackson's arguments that the Mississippi Court of Appeals incorrectly applied the relevant law, the Fifth Circuit has recognized that "errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar." *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006); *see Perez v. Davis*, No. 16-41472, 2017 WL 7194283, at *1 (5th Cir. Sept. 26, 2017) ("However, his contention finds fault with the state court's resolution of his Fourth Amendment claim, and not with the opportunity he received to fully and fairly litigate that claim. His claim is therefore barred by *Stone*.") (citing *Moreno*, 450 F.3d at 167). This is because "if the term 'fair hearing' means that the state courts must correctly apply federal constitutional law, *Stone* becomes a nullity." *Bridgers v. Dretke*, 431 F.3d 853, 861 (5th Cir. 2005). Accordingly, Jackson's petition must be denied.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

6

obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

V
**Conclusion**

Jackson's petition [1] is **DENIED with prejudice**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 23rd day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**
